FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERYL STURDEFANT,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　　　　　Defendant. | NO:  4:16-CV-5163-RMP<br><br>ORDER GRANTING IN PART<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>DENYING DEFENDANT'S MOTION<br>FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment from

Plaintiff Sheryl Sturdefant, ECF No. 12, and the Commissioner of Social Security

(the "Commissioner"), ECF No. 16.  Ms. Sturdefant sought judicial review, pursuant

to 42 U.S.C. § 405(g), of the Commissioner's denial of her claims for disability

insurance benefits under Title II of the Social Security Act (the "Act").  The Court

has reviewed the motions, the administrative record, and is fully informed.  The

motions were heard without oral argument.  The Court grants in part Ms.

Sturdefant's motion for summary judgment, ECF No. 12, resulting in a remand of

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

the case to the Commissioner, and denies the Commissioner's cross-motion, ECF No. 16.

## BACKGROUND

### A. Ms. Sturdefant's Claim for Benefits and Procedural History

Ms. Sturdefant applied for disability insurance benefits through an application filed on June 13, 2013. Administrative Record ("AR") 125-26.[1] Ms. Sturdefant was 55 years old at the time that she applied for benefits. Ms. Sturdefant alleges that her onset date was October 1, 2008. AR 14. The parties do not dispute that Ms. Sturdefant's last insured date is December 31, 2010, meaning that Ms. Sturdefant must establish that she became disabled prior to the expiration of that status to secure the disability insurance benefits she seeks. *See* 42 U.S.C. § 423(a), (c), (d). Ms. Sturdefant's application for disability insurance benefits was denied initially and upon reconsideration, and Ms. Sturdefant timely requested a hearing.

### B. July 21, 2015 Hearing

A video hearing took place before Administrative Law Judge ("ALJ") Laura Valente on July 21, 2015, presiding from Seattle, Washington, with Ms. Sturdefant, represented by attorney Chad Hatfield, participating from Kennewick, Washington.[2]

---

[1] The AR is filed at ECF No. 9. There is no application for supplemental security income in the record for Ms. Sturdefant.

[2] Attorney Cory Brandt represents Ms. Sturdefant on appeal.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Ms. Sturdefant responded to questions from her attorney and Judge Valente. Also testifying was Ms. Sturdefant's daughter Christina Hutchins. A vocational expert, K. Diane Kramer, was present but did not testify.

**C. ALJ's Decision**

On August 7, 2015, the ALJ issued an unfavorable decision. AR 9. Utilizing the five-step evaluation process, Judge Valente found:

> **Step one:** Ms. Sturdefant had not engaged in substantial gainful activity during the period from her alleged onset date of October 1, 2008, through her last insured date of December 31, 2010.

> **Step two:** Through the last insured date, Ms. Sturdefant had the following medically determinable, but not severe, impairments: hypertension, minimal degenerative change of spine, and chronic obstructive pulmonary disease.

Based on this finding, Judge Valente concluded that Ms. Sturdefant was not disabled, as defined in the Social Security Act, at any time from October 1, 2008, the alleged onset date, through December 31, 2010, the date last insured.

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Ms. Sturdefant's request for review on October 27, 2016. AR 1-6. Ms. Sturdefant now seeks judicial review.

/ / /

/ / /

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

# APPLICABLE LEGAL STANDARDS

## A. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**B. Definition of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial

gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and

vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### C. Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled.  20 C.F.R. § 416.920.  Step one

determines if he is engaged in substantial gainful activities.  If the claimant is

engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§

404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision

maker proceeds to step two and determines whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination

of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which

compares the claimant's impairment with a number of listed impairments

acknowledged by the Commissioner to be so severe as to preclude any gainful

activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R.

§ 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed

impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the plaintiff is able to perform his previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his residual functional capacity and age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

**ISSUES ON APPEAL**

**A. Whether the ALJ erred in rejecting all of Ms. Sturdefant's claims as groundless at step two of the sequential evaluation process**

**B. Whether the ALJ erred in rejecting the opinions of Ms. Sturdefant's medical provider**

**C. Whether the ALJ erred in rejecting Ms. Sturdefant's subjective complaints and lay witness testimony**

**DISCUSSION**

*A. Step Two*

The ALJ's determination that Ms. Sturdefant did not have any "severe" impairments ended at step two of the sequential evaluation process. Ms. Sturdefant contends that the ALJ erred when she concluded that Ms. Sturdefant's medically determinable impairments were not severe as of Ms. Sturdefant's last insured date. ECF No. 12 at 7.

Ms. Sturdefant has the burden of proving she had a severe impairment to satisfy step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912. In order to meet this burden, Ms. Sturdefant must furnish medical and other evidence that shows she suffered from a severe impairment at the time of her last insured date. 20 C.F.R. § 416.912(a). The regulations provide that an impairment is severe if it significantly limits one's ability to perform basic work

activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522 and 416.922. "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs, including walking, standing, sitting, pushing pulling, carrying, or handling. *See* 20 C.F.R. §§ 404.1522(b), 416.922(b).

The "severe impairment" analysis at step two is a "*de minimus* screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." SSR 85-28, 1985 SSR LEXIS 19; *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005) ("The Commissioner has stated that 'if an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step.'"). In reviewing the error claimed by Ms. Sturdefant, the Court must consider whether the record includes evidence of a severe impairment and, if so, whether the ALJ's response to that evidence was legally correct.

In this case, the ALJ concluded that Ms. Sturdefant's medical impairments of hypertension and COPD were serious as of July 25, 2013. AR 18. However, the

ALJ evaluated the evidence of record, considered the hearing testimony, and concluded that Ms. Sturdefant's medically determinable impairments were not severe at the time of Ms. Sturdefant's last insured date, December 31, 2010.  AR 18-19.

Although Ms. Sturdefant ultimately bears the burden of establishing her disability, *see Bowen*, 482 U.S. at 146, the ALJ has an affirmative duty to supplement a claimant's medical record, to the extent it is incomplete, before rejecting the claimant's claim of a severe mental impairment.  *See* 20 C.F.R. § 404.1512(b)(1).  "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel."  *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate, or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown*, 713 F.2d at 443.

Here, the ALJ concluded that Ms. Sturdefant's impairments were not severe at the time of her last insured date due to the absence of any objective evidence in the record during the period immediately preceding Ms. Sturdefant's last insured date. AR 19.  Ms. Sturdefant attributed the absence of medical records associated with her

alleged impairments between 2009-2011 to her lack of health care and difficulty in seeing a doctor on a regular basis. AR 42-45. The Court finds that the ALJ failed to satisfy her obligation to further develop the record, and that she erred in concluding that Ms. Sturdefant's medical impairments were not severe as of her last insured date based on the absence of medical evidence. *See* SSR 85-28 ("Great care should be exercised in applying the not severe impairment concept."). Therefore, the Court remands this case for further proceedings.

### B. Determination of Onset Date with Insufficient Evidence

Ms. Sturdefant argues that the ALJ failed to call a medical expert to testify regarding Ms. Sturdefant's onset date, and that establishing the date that her medical impairments became severe is essential in this case because its relationship with the last insured date affects Ms. Sturdefant's eligibility for benefits. ECF No. 12 at 11. Ms. Sturdefant's alleged onset date was October 1, 2008. The ALJ found that Ms. Sturdefant's current impairments were severe as of 2013, but concluded that Ms. Sturdefant's onset date must have occurred after Ms. Sturdefant's last insured date of December 31, 2010. AR 18-19.

"Social Security Ruling (SSR) 83-20 sets forth guidelines for determining the date of onset of a disability and requires that all relevant medical records be obtained for determining onset date." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991). "With slowly progressive impairments, it is sometimes impossible to obtain

medical evidence establishing the precise date an impairment became disabling,"

particularly when the date last worked is "far in the past and adequate medical

records are unavailable." SSR 83-20, 1983 LEXIS 25.

The ALJ has a duty to assist the claimant in developing the record, which

includes calling a medical advisor. *See Armstrong v. Comm'r of Soc. Sec. Admin.*,

160 F.3d 587, 590 (9th Cir. 1998). When the medical evidence is not definite

concerning the onset date and medical inferences need to be made, SSR 83-20 states

that the ALJ "*should* call on the services of a medical advisor" at the hearing, to help

infer the onset date. SSR 83-20, 1983 LEXIS 25 (emphasis added). "[I]n this

context 'should' means '*must*.'" *Armstrong*, 160 F.3d at 590 (emphasis added). The

ALJ may not make an independent inference of the onset date. *See DeLorme v.*

*Sullivan*, 924 F.2d 841 (9th Cir. 1991) (requiring ALJ to seek medical expert

testimony when it was possible the diagnosed depression might have an onset date

prior to the last insured date two years earlier); *Armstrong*, 160 F.3d at 587

(requiring ALJ to seek medical expert testimony when a divorce triggered

alcoholism and depressive symptoms eight years prior to diagnosis and there were

no other medical records to rely on).

When "there are large gaps in the medical records documenting a slowly

progressive impairment and an ALJ's assessment of the disability onset date would

be mere speculation without the aid of a medical expert," failure to call a medical

advisor at the hearing is reversible error. *Diedrich v. Berryhill*, 874 F.3d 634, 639 (9th Cir. 2017); *see also Armstrong*, 160 F.3d at 589. Analysis of the medical record from a consulting physician is not a sufficient substitute for testimony. *Diedrich*, 874 F.3d at 639. "The ALJ can fulfill this responsibility by calling a medical expert or where medical testimony is unhelpful, exploring lay evidence including the testimony of family, friends, or former employers to determine the onset date." *Armstrong*, 160 F.3d at 590.

In *Armstrong v. Commissioner of Social Security Administration*, the ALJ denied the claimant's disability insurance benefits, finding no disability prior to the last insured date in 1992. *Armstrong*, 160 F.3d at 588. The Ninth Circuit found that the evidence presented showed that there were symptoms of impairment prior to the last insured date, but that the evidence was insufficient to determine if the impairment was disabling. *Id*. at 590. To determine if the impairment was disabling given the lack of evidence between the claimant's alleged onset date of 1991 and 1992, the Ninth Circuit reversed the district court's decision and directed that the case be remanded with the instruction to call a medical expert to determine when the claimant became disabled. *Id*.

Here, the ALJ conceded that the medical records were insufficient to determine the onset date. AR 18. Defendant also acknowledges that there was a lack of documents necessary to establish an onset date. ECF No. 16 at 17.

Ms. Sturdefant presents evidence that symptoms of COPD occurred as early as 2002. AR 274. Ms. Sturdefant presented no medical evidence for the time periods between 2002-2008, and 2009-2011. Lay witness testimony presented to the ALJ suggested the possibility that the symptoms of the medically determinable conditions of COPD and hypertension affected Ms. Sturdefant's ability to work in 2008 and 2009. AR 59. Because there is a lack of medical records to corroborate the lay evidence Ms. Sturdefant presented, the record is insufficient for an ALJ to make a reasonable inference regarding Ms. Sturdefant's onset date.

The Court finds that the ALJ erred by failing to call a medical advisor at the hearing because the record was insufficient to establish Ms. Sturdefant's onset date. Therefore, the Court remands for further proceedings consistent with the applicable law set forth in this Order.

### C. Medical Opinion Testimony

Ms. Sturdefant argues that the ALJ failed to provide clear and convincing reasons based on substantial evidence when the ALJ assigned "little weight" to the report of Ms. Sturdefant's treating physician. ECF No. 12 at 10-11.

The views of treating and examining physicians are accorded great deference, deserving substantial weight, and can only be rejected with findings that are supported by clear and convincing reasons that are based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even when a treating or

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

examining physician's opinion is contradicted by another physician, the ALJ cannot reject it without setting forth specific and legitimate reasons supported by substantial evidence. *Id.* Medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1034 n.3 (9th Cir. 2007) (noting that medical reports made after the claimant's disability insurance lapsed were relevant and were properly considered); *Lester*, 81 F.3d at 832 (same). Because medical reports "are inevitably rendered retrospectively," they "should not be disregarded solely on that basis." *Id.* However, "when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Defendant contends without citation that the ALJ did not improperly reject Dr. Hipolito's opinion and argues that Dr. Hipolito's observation is not probative evidence relevant to the time period in question. ECF No. 16 at 16. The ALJ considered Dr. Hipolito's statement summarizing Ms. Sturdefant's current medical health and rejected it on the basis that it described Ms. Sturdefant's health "years after her insured status expired." AR 19.

The Court finds that the ALJ erred in failing to provide legally sufficient reasons for giving little weight to the assessment of Ms. Sturdefant's health by Dr. Hipolito, her treating physician because the sole reason that the ALJ provided was that Dr. Hipolito's report contained observations made after the period for disability. When an ALJ fails to provide adequate reasons for rejecting a treating or examining doctor's opinion, that opinion is credited as a matter of law. *Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989)). "[W]here there are no outstanding issues that must be resolved before a proper disability determination can be made," the district court need not remand "solely to allow the ALJ to make specific findings" regarding the rejected testimony and the district court may "take that testimony to be established as true." *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988). The evidence introduced by Dr. Hipolito, when it is given the effect required by law, indicates that Ms. Sturdefant suffered from COPD for 10 years with symptoms that began gradually, however, the issue of determining the onset date and severity of Ms. Sturdefant's medical impairments must still be resolved. Therefore, the Court remands for further proceedings in which the ALJ should give weight to Dr. Hipolito's report.

/ / /

/ / /

/ / /

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

### D. Plaintiff's Credibility

Ms. Sturdefant asserts that the ALJ failed to provide a clear and convincing reason, supported by substantial evidence, for rejecting her subjective symptom testimony regarding the extent of her impairments. ECF No. 12 at 13.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ must provide clear and convincing reasons supported by substantial evidence for rejecting the claimant's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted).

An ALJ may find a claimant's testimony not credible in part or in whole, but the ALJ may not disregard the claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence. *See* SSR 96-7p, 1996 WL 374186; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997). "Inconsistent assertions in a claimant's testimony, and between a claimant's testimony and conduct, can be specific reasons

not to find the claimant credible." *Rusten v. Comm'r Soc. Sec.*, 468 Fed.Appx. 717, 719 (9th Cir. 2012).

In this case, the ALJ acknowledged that Ms. Sturdefant's testimony was not substantiated by objective medical evidence due to the lack of medical records during the time period from 2009-2011. AR 18. By itself, this would not be a sufficiently clear and convincing reason. *See Light*, 119 F.3d at 792. However, the ALJ also discussed the specific inconsistencies she identified in Ms. Sturdefant's testimony, and between Ms. Sturdefant's testimony, conduct, and the existing medical records. AR 17-18. For example, the ALJ noted that Ms. Sturdefant testified that she was using an albuterol inhaler when she was working in 2008, but the only medication she reported using when she was treated in September 2008 was ibuprofen. AR 18. Additionally, Ms. Sturdefant testified that she was having shoulder problems in 2008 and described her right arm "locking" when she reached overhead. The ALJ noted that Ms. Sturdefant did report arm pain when she was treated in September 2008, but Ms. Sturdefant indicated that the symptoms had only existed for a matter of days. *Id.* Furthermore, a report dated April 13, 2015, indicates Ms. Sturdefant was complaining of bilateral shoulder pain that began no more than two years earlier, well after Ms. Sturdefant's last insured date.

Therefore, the Court finds that the ALJ has not erred by providing clear and convincing reasons, based on substantial evidence, to support the ALJ's conclusion that Ms. Sturdefant's testimony lacked credibility.

### E. Credibility of Lay Testimony

Ms. Sturdefant next contends that the ALJ failed to provide a legally sufficient reason to reject the statements of her daughter and former supervisor, Ms. Hutchins. ECF No. 12 at 16. Defendant contends that the ALJ provided germane reasons for rejecting Ms. Hutchins' testimony. ECF No. 16 at 18.

"Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The ALJ must provide "reasons germane to each witness" in order to reject lay witness testimony. *Id.* Lay testimony inconsistent with medical evidence is a germane reason to reject lay testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record." SSR 83-20, 1983 LEXIS 25.

At the hearing, Ms. Hutchins testified that she supervised Ms. Sturdefant at work in 2008. AR 19. Ms. Hutchins said that Ms. Sturdefant had problems lifting 15 to 20 pound packs of beer and pushing lots of weight. *Id.* She said that Ms. Sturdefant had problems standing, had trouble breathing, and would lean against

walls when she became short of breath. *Id.* She stated that she would send Ms. Sturdefant home early from work due to her symptoms and that Ms. Sturdefant quit as the result of a mutual agreement. *Id.*

The ALJ stated that the statements made by Ms. Hutchins were not entirely credible given the lack of medical evidence showing that Ms. Sturdefant sought any medical attention for her complaints during the three years after Ms. Sturdefant stopped working at the store with Ms. Hutchins. AR 19. The lack of medical evidence is one of the same reasons the ALJ gave for discrediting Ms. Sturdefant's testimony, which the Court found clear and convincing. AR 18. When an ALJ finds the testimony of a lay witness lacking in credibility for the same reasons that she has provided clear and convincing reasons for rejecting the subjective complaints of the claimant, the ALJ has given germane reasons for rejecting lay witness testimony. *Valentine v. Comm'r Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009). Therefore, the ALJ properly provided germane reasons for giving Ms. Hutchins' testimony little weight.

Ms. Sturdefant also argues that the ALJ failed to consider the lay witness statements of James Gordon or Kellie Pearce. ECF No. 12 at 16. Defendant contends that Ms. Sturdefant sent the lay witness statements of James Gordon or Kellie Pearce to the Appeals Council after the ALJ had rendered her decision. ECF No. 16 at 18. The Administrative Record shows that the statements of James

Gordon or Kellie Pearce were filed on August 11, 2015. AR 200-201. The ALJ's decision was issued on August 7, 2015, so the ALJ could not have considered the lay witness statements of James Gordon or Kellie Pearce when making her decision. The Court finds that the ALJ did not fail to consider the statements of these witnesses.

**CONCLUSION**

Ms. Sturdefant argues that the ALJ's decision should be reversed and remanded for an immediate award of benefits. ECF No. 12 at 17. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED IN PART**. The Court denies Plaintiff's request for an immediate award of benefits.

2.     Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3.     This case is **REMANDED** for a *de novo* hearing before the Social Security Administration.

4.     **UPON REMAND**, the ALJ will conduct a *de novo* hearing and issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, including reassessing the claimant's impairments, calling a medical advisor to testify regarding the onset date of the claimant's impairments, and re-evaluating the credibility of the claimant and other opinion evidence.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 31, 2018.

_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
United States District Judge